**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA,<br><br>              Plaintiff,<br><br>     v.<br><br>FBI AGENT., et al.,<br><br>              Defendants. | Civil Action No. 25-783 (KMW) (SAK)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

      This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 1-2) and complaint submitted in this civil rights matter by Plaintiff Daniel Azcona. (ECF No. 1.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted.[1] As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For the following reasons, Plaintiff's complaint shall be dismissed without prejudice.

---

[1] Plaintiff's current status is at best unclear. Although his complaint seems to suggest he was arrested on serious charges at some point, documents he submits alongside his complaint suggest that he was recently a mental patient at Bellevue in New York and is presently homeless. (*See* ECF No. 1-3 at 1.) This Court thus assumes for the sake of determining Plaintiff's application that he is not a prisoner subject to more stringent requirements under the IFP statute. *See* 28 U.SC. § 1915(h).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiff's complaint in this matter is handwritten on a printed form, with scrawled text filling the majority of the form's margins and open space. (*See* ECF No. 1.) Plaintiff's handwriting is not always legible, and is written using a flurry of stream of consciousness phrases which are written with no clear order or purpose. At best, it appears Plaintiff is contending that he was in some way improperly subjected to serious criminal charges including capital murder, mayhem, stalking, and conspiracy, but the actual nature of Plaintiff's claims and the identity of the Defendants against which any individual allegations are raised is essentially indecipherable from the current complaint. Given the nature of Plaintiff's disjointed complaint, Plaintiff's claims in this matter are so "unintelligible that [his complaint's] true substance, if any, is well disguised" and Plaintiff's complaint must therefore be dismissed without prejudice for failure to meet the pleading requirements of Rule 8. *Ruther*, 556 F. App'x at 92.

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-2) shall be granted, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to meet the requirements of Rule 8. An order consistent with this Opinion will be entered.

                                                  Hon. Karen M. Williams,
United States District Judge